UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | | |
|---|---|---|
| THERESA Y. LEWIS | ) | No.ED CV 05-01033 (SH) |
| | ) | |
| | ) | MEMORANDUM DECISION |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, Acting | ) | |
| Commissioner of the Social Security | ) | |
| Administration | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

I. <u>PROCEEDINGS</u>

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for Disability Insurance Benefits under Title II of the Social Security Act. Pursuant to 28 U.S.C.§ 636(c), the parties have consented that the case be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. Plaintiff and Defendant have filed their pleadings, Defendant has filed the certified transcript of

1

1  record, and the parties have filed a joint stipulation. After reviewing the matter, the Court
2  concludes that the decision of the Commissioner should be reversed and remanded.

3        Plaintiff previously filed an application for Supplemental Security Income benefits on
4  August 28, 2000 which was denied initially, on reconsideration, and at the hearing level by a
5  different administrative law judge ("ALJ") on May 10, 2002. (Administrative Record "AR" 27-
6  36). A review of that prior ALJ's unfavorable decision was denied by Defendant's Appeals
7  Council on December 6, 2002. (AR 38-40). Plaintiff does not seek judicial review.

8        Plaintiff filed Applications for Social Security benefits on May 10, 2002 alleging inability
9  to work due to her diabetes, heart condition, glaucoma, and arthritis (both knees). (AR 63, 72).
10 The Administration initially denied the application. Plaintiff filed a timely Request for Hearing
11 and a hearing was held on May 19, 2004 before Administrative Law Judge F. Keith Varni. (AR
12 51, 183 - 199). On June 23, 2004 ALJ Varni denied the Disability application. (AR 19 - 24). On
13 approximately July 7, 2004, Plaintiff filed a request for review of the ALJ's decision with the
14 Appeals Council. (AR 13). On March 17, 2005, the Appeals Council an unfavorable decision.
15 Plaintiff then commenced the present action.

16

17                             I. Discussion

18       The ALJ's finding that claimant's testimony is not credible is neither "clear and
19 convincing" nor is it based on legally cognizable grounds. Plaintiff testified that she could
20 "barely see sometimes" (AR 188), had "heart palpitations all the time where sometimes I can
21 hardly breathe" (AR 189), had asthma attacks twice a day everyday (AR 191), had
22 degenerative arthritis in her spine with pain in her spine all the time with increased pain when
23 she raised her hands up to high or too low and the medication for it "does not help all the way"
24 (AR 191-193), had a nerve disorder causing headaches everyday for a couple of hours causing
25 her to need to lay down, can only stand for 15 to 20 minutes until her back starts hurting and
26 could sit for about 30 minutes (AR 195), couldn't walk a block (Id.), and lifting anything hurt
27 her back (Id.) The ALJ nevertheless found that Plaintiff could lift and carry up to 25 pounds
28 frequently and 50 pounds occasionally; sit, stand, and walk for 6 hours each of an 8 hour work

day. (AR 24).

The ALJ's residual functional capacity is clearly in conflict with Plaintiff's testimony. Plaintiff testimony that she can only stand for 15 to 20 minutes, sit for 30 minutes, and can't walk a block conflicts with the ALJ's finding that Plaintiff can stand, sit, and walk for 6 hours out of an 8 hour work day. Plaintiff's testimony that she can't lift anything without hurting her back conflicts with the ALJ's finding that Plaintiff can lift and carry up to 25 pounds frequently and 50 pounds occasional.

In order to reject Plaintiff's testimony, an ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints. Morgan v. Apfel, 99 D.A.R. 1855, 1856 (9th Cir. 1999). The ALJ found Plaintiff's testimony "substantially the same as reflected in the prior decision" and "no more credible than previously assessed." (AR 22). The previous ALJ found Plaintiff's subjective complaints "generally credible, but not indicative of a more restrictive residual functional capacity as described above [same as current ALJ's medium residual functional capacity determination]." (AR 34). The current ALJ also concluded that "subjective complaints are not supported by the medical record as a whole, and even the claimant's testimony is not at a level as to prevent work within a medium residual functioning capacity." (AR 23). The ALJ failed to specify which allegations of pain and/or other symptoms he found not credible.

Not only is it unclear what part of Plaintiff's testimony the ALJ finds not credible, the ALJ also errs in undermining Plaintiff's credibility. In finding that a claimant lacks credibility, an ALJ must set forth clear and convincing reasons supported by the record. Holohan v. Massanari, 2001 Daily Journal D.A.R. 3737. The ALJ attempts to undermine Plaintiff's credibility by reporting "she is supposed to be on a 1600K-cal diet but with her stature of 5'1 and a weight of 255 pounds, it makes it hard to believe she follows any type of caloric intake restriction." (AR 22). Plaintiff, however, never directly testified she only ate 1600K-cal. Plaintiff simply testified that she was prescribed a diet that's "supposed to be 1500 to 1600 [K-cal]." (AR 188). Since Plaintiff never testified that she was strictly following this diet, the ALJ cannot discount her credibility based on Plaintiff's current weight.

3

The ALJ also attempts to undermine Plaintiff's credibility by showing that Plaintiff's supposed testimony that she does not do much around the house but watch television and read indicates that she has no severe visual problems. (AR 23). First, this conclusion is inconsistent with the ALJ's own findings that Plaintiff has "severe" vision problems. (AR 24). Moreover, Plaintiff's testimony that she watches TV and reads the Bible should not automatically undermine Plaintiff's credibility. The ALJ has an independent "duty to fully and fairly develop the record to assure that the claimant's interests are considered." Smolen v. Chater, 80 F.3d 1273, 1283 (9th Cir. 1996)(quoting Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983)). "When the claimant is unrepresented, however, the ALJ must be especially diligent in exploring for all the relevant facts." Tonapetyan v. Halter, 242 F.3d 1144 (9th Cir. 2001). The ALJ should have inquired into Plaintiff's ability to see objects on the television screen and words in the Bible. Perhaps Plaintiff only really listened to the television and had a large-print or braille Bible. The ALJ also should have asked Plaintiff to clarify her response when asked how much weight she could lift as her response was unclear; "How much is like a gallon of milk? I mean, anything I lift hurts my back." (AR 195).

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the decision of the Commissioner is reversed and the matter is remanded for further development of the record in accordance with this decision, pursuant to Sentence 4 of 42 U.S.C. §405(g).

DATED: July 13, 2006

_____/S/_____

STEPHEN J. HILLMAN

UNITED STATES MAGISTRATE JUDGE